[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS  K. KAHN
CLERK

No. 04-15537
Non-Argument Calendar
_____

D. C. Docket No. 04-00030-CR-F-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUENTIN BELLINGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 29, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Quentin Bellinger, an African-American, appeals his convictions for: (1) one

count of conspiring to distribute and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) one count of possessing with intent to distribute cocaine and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and 52 counts of possessing counterfeit notes, in violation of 18 U.S.C. §§ 472, 2. Bellinger only appeals suppression issues, arguing that the district court erred when it denied both his motion to suppress and his second motion to reopen the suppression hearing. Specifically, Bellinger argues that the Alabama State Trooper who pulled him over, Jason Burch, was engaged in either racial or drug-courier profiling, and used Bellinger's erratic driving as a pretext for the traffic stop. We find his appeal to be wholly without merit. Accordingly, we affirm.

State Trooper Birch Burch observed Bellinger's car crossing the fog line, the outermost solid line on the road, while passing a tractor-trailer. Bellinger was traveling 77 miles per hour in a 70 mile per hour zone. Burch began to follow Bellinger, and observed that he was driving erratically. Burch testified that he suspected that Bellinger was driving under the influence of alcohol or some illegal drug, or that he was fatigued. Upon reaching a well-lit area, Burch pulled Bellinger over. Bellinger handed Burch a license that bore the name Albert Johnson. Because the photograph, age and height on the license did not match

Bellinger, Burch correctly suspected that the license was not actually Bellinger's. He called for back-up and arrested Bellinger for obstruction of justice. A pat-down search revealed another false identification. A search of the vehicle incident to the arrest revealed two packages of cocaine.

Bellinger argues that Burch was engaged in racial and/or drug-courier profiling and the search was therefore a Fourth Amendment violation. This argument is not supported by law or facts. See Draper v. Reynolds, 369 F.3d 1270, 1275 (11th Cir. 2004).

The magistrate judge found that Burch's testimony was credible, and that Burch had probable cause to believe that Bellinger violated the traffic code. The magistrate judge's credibility determination was supported by a videotape of Bellinger's driving and the undisputed fact that he was driving over the speed limit. His testimony was further supported by the fact that it was the evening of Super Bowl Sunday and Burch had heightened reason to suspect that drivers might be intoxicated or fatigued. We agree with the magistrate judge; the initial stop was clearly legal[1]

---

[1] Bellinger further argues that the trial court erred when it denied his motion to reopen the suppression hearing based on his finding of a website with Burch's picture. The website contained references to Burch's prior job as a detective for the city of Montgomery, Alabama and indicated that Burch was focused on drug interdiction. The district court found that nothing on Burch's website would have changed its ruling that he had probable cause to effectuate a traffic stop. We can find no abuse of discretion in its decision. See United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004) (stating that denial of a motion to reconsider is

3

Bellinger's claim that he was "detained for no apparent reason prior to search" is without merit. Once Burch discovered Bellinger had supplied false identification, he had probable cause to arrest him, and the detention was not unreasonable under the Fourth Amendment. Accordingly, we affirm.

**AFFIRMED.**

---

reviewed for abuse of discretion).